112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dan C. FORE, Plaintiff-Appellant,
v.
DENNY'S INC.; Proficient Foods, Inc., a California
corporation; T.W. Services, Inc., merged under the new
ownership of Flagstar Corporation, a South Carolina Holding
Corporation; Nobel Sysco Food Service Co., a Colorado
corporation; Phoenix Foods, a Florida corporation; Den
West Inc., a Delaware corporation; Divall Insured Income
Fund I; Divall Insured Properties II, Wisconsin
Partnerships; Jack Lloyd; Gary Divall; Paul Magnuson;
Robert Bourne; David Shea; Kevin Killham; Joel Swirsky;
James M. Seneff; John A. Hartman; Richard Lorenzen; Dan
Maynard; Geoffrey Walker; Scott Midgley; Earl Cox; Fred
Hollis; Randy Spackman; Diversified Real Estate Ltd.;
Julie Tolleson, Defendants-Appellees.
Dan C. FORE, Plaintiff-Appellant,
v.
Randolph HAINES, husband; Jane Doe Haines; Patricia
Norris; John Doe Norris; Geoffrey Walker; Jane Doe
Walker; Julie Tolleson; Lewis & Roca, a limited liability
partnership firm; Todd Coleman, a law student for Lewis &
Roca; Reanne Patrick; Bernardo P. Velasco, Pima County
Judge acting in Maricopa County, Defendants-Appellees.
 No. 96-16475, 96-16478.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, NOONAN, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dan C. Fore appeals pro se the district court's dismissals of Fore's actions alleging civil rights and RICO violations and various state tort claims. We have jurisdiction under 28 U.S.C. § 1291. We affirm.[1]
 
 
 3
 Fore contends that the district court erred in its decision in CV-95-02683 ("Fore I") by granting defendants' motions for summary judgment. This contention lacks merit.
 
 
 4
 We review de novo a district court's grant of summary judgment. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." See Fed.R.Civ.P. 56(c). All of Fore's claims in Fore I are barred by the relevant statutes of limitations, as set out in the district court's Memorandum Opinion and Permanent Injunction filed on July 9, 1996. Fore failed to submit sufficient evidence to establish a genuine issue of material fact that his complaint was filed within time required by any of the relevant statutes of limitations. See id. Accordingly, the district court did not err by granting defendants' summary judgment motions in Fore I. See Jesinger, 24 F.3d at 1130.
 
 
 5
 Fore contends that the district court erred in Fore I by denying his request for an injunction against state court judgments. This contention lacks merit for the reasons set out in footnote 5 of the district court's Memorandum Opinion and Permanent Injunction in Fore I, filed on July 9, 1996.
 
 
 6
 To the extent Fore contends that the district court erred in CV-95-02776 ("Fore II") by granting defendants' Fed.R.Civ.P. 12(b)(6) motion, this contention lacks merit for the reasons stated in the district court's order in Fore II, filed on July 9, 1996.[2]
 
 
 7
 Appellees Bourne, Seneff, and Hartman have moved for damages and double costs. Federal Rule of Appellate Procedure 38 gives this court discretion to assess such damages as a sanction against bringing a frivolous appeal. See Fed.R.App.P. 38. An appeal is considered frivolous in this circuit when the result is obvious, or the appellant's arguments are wholly without merit. See Jaeger v. Canadian Bank of Commerce, 327 F.2d 743, 746 (9th Cir.1964). Although the question is a close one, we find in our discretion that the imposition of damages and costs pursuant to Fed.R.App.P. 38 is not appropriate in this case.
 
 
 8
 Fore and appellee Velasco's requests for attorney's fees and costs are denied without prejudice pursuant to Fed.R.App.P. 39; 9th Cir.R. 39-1.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Fore's request for oral argument. We also deny Fore's motion for reconsideration of the denial of his motion to file supplemental excerpts of record
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We may affirm on any grounds supported by the record. See Granite State Ins. Co. v. Smart Modular Techs., Inc., 76 F.3d 1023, 1026 (9th Cir.1996)
 
 
 [2]
 Because Fore fails to brief the district court's dismissal of defendant Velasco, he waives his right to raise that issue. See Doty v. County of Lassen, 37 F.3d 540, 548 (9th Cir.1994)